### CAMPBELL v. CAYEY.

(Supreme Court, Appellate Division, Third Department. March 6, 1901.)

1. ACTION FOR SERVICES—SALE—RECOVERY OF PRICE—EVIDENCE OF VALUE—WRITTEN CONTRACT.

Where an action is brought to recover the value of services rendered and goods furnished, and it is not shown that such acts were in pursuance of a written contract, it is error to exclude evidence of the value thereof on the ground that the services were rendered and the goods furnished in pursuance of a written contract therefor.

2. BILLS AND NOTES—ORDER—INDEBTEDNESS OF DRAWER—ADMISSIBILITY OF EVIDENCE.

Where the defendant, in an action on an order alleged to have been accepted by him, attempts to show that the drawer was indebted to him before the time of the alleged acceptance, and the defendant is shown to have no accurate knowledge of the state of the accounts between him and the drawer, he cannot testify that he was not indebted to the drawer at such time.

3. SAME—INSTRUCTIONS.

An instruction, in an action on an order alleged to have been accepted by defendant, that it is not reasonable to suppose that defendant would have allowed the drawer, who was claimed to have been indebted to defendant, to have increased his debt by accepting such order, and that the jury should consider such fact, is erroneous, when there is no competent evidence that the drawer was indebted to the defendant.

Appeal from special term, Franklin county.

Action on an order by Antoine J. Campbell against S. Fred Cayey. From a judgment in favor of the defendant, the plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Charles A. Burke, for appellant.

Gordon H. Main, for respondent.

PER CURIAM. The errors committed by the county judge on the trial require a reversal of this judgment. Among such errors are the following: The third alleged cause of action set forth in the complaint for services in buying and shipping potatoes for defendant, and furnishing bags in which to ship them, seems to have been wholly excluded by the county judge by the exclusion of testimony offered by plaintiff to sustain it. After proving the services and a promise to pay by the defendant, the plaintiff, to determine the value of such services, asked, "What was it worth?" The counsel for defendant objected on the ground that the services were rendered in pursuance of a written agreement, etc., and the objection was sustained. As there was no written agreement, and none had been shown to be or to have ever been in existence, the ruling was manifestly erroneous. Again, the witness (plaintiff) was asked: "How much were your serv-

ices worth in purchasing these potatoes? (Objection on same grounds. Sustained),"—is the record as it comes to us. This error was not subsequently cured by any proof of the value of such services.

After proof was given establishing that plaintiff furnished bags as alleged, these questions were asked and disposed of by the court in the following manner:

"Q. Are you acquainted with the value of bags? (Defendant objects as before, and no foundation laid for the question. Objection sustained. Exception.) Q. Were those bags that you sent the potatoes in yours. or did you furnish them? (Same objection by defendant. Sustained. Exception.) Q. How much, in your opinion, were the bags worth? (Same objection. Same ruling. Exception.) Q. How many bags did you send? (Same objection by defendant. Same ruling. Exception.)"

These rulings of the county judge were clearly erroneous, and the effect was to exclude consideration by the jury of plaintiff's alleged third cause of action.

The defendant was permitted to establish by proof the state of the accounts between defendant and one Huckle, the drawer of the $100 order sued for. The county judge, in his charge, at some length dwelt upon the account between these parties (Huckle and defendant), and that the evidence before the jury warranted the belief that Huckle was owing defendant at the time some hundreds of dollars, and charged that they might take that into consideration on the probabilities of defendant having accepted the order. If this sort of testimony was for any purpose admissible, the fact of indebtedness should have been established by competent proof. The case does not show much proof, if any, that was competent on this subject. The evidence, such as it was, was conflicting. Then this question was asked by counsel for the defendant of the defendant as a witness: "Q. Did you upon the 6th day of February, 1896, owe Mr. Huckle anything upon that contract, or for any cause?" This was objected to by plaintiff on several grounds, among them that it called for a conclusion, was immaterial and incompetent, and plaintiff was not bound by the condition of the accounts. The objection was overruled, and plaintiff had an exception. "A. No; I didn't owe him anything. I didn't owe him anything at any time while he was working on that contract." Though the proof disclosed that this witness knew nothing accurately as to the state of the accounts, yet several other questions of the same nature were permitted to be asked by defendant of this witness, and to be answered over plaintiff's objections. This cannot be regarded as competent proof of a material fact, which a jury must take account of as the court enjoined. Among the things the court said to the jury on this subject is the following:

"All business men know that it is not reasonable for a person who was a creditor of another to increase his debt by voluntarily obligating himself to pay additional indebtedness of his debtor. That is not reasonable. * * * There are contradictions on both sides. Give them the value belonging to them. Don't lose sight of the fact that you should take into consideration the ordinary business elements that enter into transactions between business men."

A fact to which the attention of a jury is directed as one of such great weight as to properly influence their decision is of sufficient

importance to demand some competent evidence to support it. It is not necessary to examine the other exception to rulings to which our attention has been called, since those already referred to require a reversal of the judgment.

Judgment reversed, with costs, and a new trial granted in the county court.